IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JIMMY CLAYBORNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06 C 6380 |
| vs. | ) | |
| | ) | Magistrate Judge Schenkier |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| for Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On November 9, 2007, this Court granted plaintiff summary judgment on his request for review of a final decision denying his application for disability insurance benefits and supplemental security income under the Social Security Act (the "Act"), and remanded the case for further proceedings pursuant to 42 U.S.C. § 405(g). *See Clayborne v. Astrue*, No. 06 C 6380 (N.D. Ill., Nov. 9, 2007) (Memorandum Opinion and Order) (doc. # 28). Plaintiff now has filed a motion seeking an award of $10,243.97, which is the sum of those attorneys' fees requested in plaintiff's original EAJA petition and additional fees incurred in filing the EAJA reply brief, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (doc. # 31). For the reasons stated below, we grant plaintiff's motion, and award attorneys' fees in the amount sought.

## I.

The EAJA is a fee-shifting statute applicable to social security disability appeals in which (1) the claimant is a "prevailing party;" (2) the United States's position is not "substantially justified;" (3) no "special circumstances" exist which would make the award unjust; and (4) the claimant timely filed an application for fees. 28 U.S.C. § 2412(d)(1)(A)-(B); *Commissioner, I.N.S.*

*v. Jean*, 496 U.S. 154, 158 (1990). Where these elements are satisfied, a court may award attorneys' fees where the claimant was wrongly denied social security benefits. In the present case, the only issue in question is whether the Commissioner's position was substantially justified. The Commissioner bears the burden of proving that his position had substantial justification. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004).

Generally, the Commissioner's position is substantially justified if his conduct has "a reasonable basis in law and fact," that is, "if a reasonable person could think [the position was] . . . correct." *Pierce v. Underwood*, 487 U.S. 552, 566 (1988), *see also Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). The Seventh Circuit has defined substantial justification as "requiring that the government show that its position was grounded in '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.'" *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (*quoting Phil Smidt & Son, Inc. v. Nat'l. Labor Relations Bd.*, 810 F.2d 638, 642 (7th Cir. 1987).

The substantial justification standard used to evaluate the government's conduct in handling a social security claim is not the same "substantial evidence" standard used to evaluate a decision by an Administrative Law Judge ("ALJ") on the merits. *Hallmark*, 200 F.3d at 1080 (citing *Pierce v. Underwood*, 487 U.S. 552, 568-69 (1998); and *Cummings v. Sullivan*, 950 F.2d 492, 498 (7th Cir. 1991). Thus, a "position can be justified even though it is not correct." *Pierce*, 487 U.S. at 566. The fact that the government was "incorrect on one point does not translate into lacking substantial justification." *Jackson v. Chater*, 94 F.3d 274, 279 (7th Cir. 1996); *see also Hallmark Constr. Co.*, 200 F.3d at 1079. While "the mere finding that the government's position was arbitrary and

capricious does not mandate an award of attorneys' fees under the EAJA," *Id.*, a court's "strong language against the Government's position in an opinion on discussing the merits is ... evidence in support of an award of EAJA fees." *Golembiewski*, 382 F.3d at 724.

In assessing whether the Commissioner's position was substantially justified, we may consider the justifications for the government's pre-litigation conduct or for its litigation position. *Id.* The Seventh Circuit has held that the EAJA "requires a 'single finding that the Government's position lacks substantial justification.'" *Cummings*, 950 F.2d at 500 (quoting *Jean*, 496 U.S. at 160). However, for the purposes of the EAJA, an ALJ's decision is treated as part of the Commissioner's pre-litigation conduct. *Golembiewski*, 382 F.3d at 724. Therefore, if the ALJ's decision was not substantially justified, then the Commissioner's pre-litigation conduct is not substantially justified and the plaintiff is entitled to attorneys' fees under the EAJA. *Id.*

## II.

In this case the parties concentrate on whether the Commissioner's pre-litigation conduct, specifically the April 10, 2006 decision to deny Mr. Clayborne disability insurance benefits, was substantially justified. In remanding the case, the Court found that, for several reasons, the ALJ should have ordered a second consultative exam to assess Mr. Clayborne's conditions (doc. # 28: Mem. Op. and Order at 8-13).

*First*, the Court noted that the first consultative exam ordered by the ALJ predated the amended onset date of Mr. Clayborne's alleged disability, reducing the probative value of the exam (*Id.* at 10). *Second*, the Court found that to be particularly true, given that the ALJ found that the findings of the first consultative exam were inconclusive, and thus they were insufficient to develop the record (*Id.*). *Third*, the Court found that, at a minimum, the ALJ was required to articulate why

3

a consultative exam was no longer required, after the first was deemed necessary but found inconclusive (*Id.*). *Fourth*, the Court found that the ALJ, in accordance with Social Security Rule ("SSR") 96-6p, was required to obtain an updated medical opinion when, as here, additional medical evidence arises that may change a state physician's findings of whether a claimant's limitations are equal to a disability found in 20 C.F.R. Part 404, Appendix 1, Subpart P (*Id.* at 11-12).

In light of these findings, this Court must determine whether the Commissioner's decision to affirm the ALJ's opinion denying benefits was substantially justified. For the reasons set forth below, it was not.

### III.

The government bears the burden in EAJA cases of proving that its position was substantially justified. *Golembiewski*, 382 F.3d at 724. The government contends that the Commissioner's position was justified for four reasons. *First*, the government argues that the fact that a consultative exam was ordered before the onset date was amended is significant (Def.'s Resp. at 3). *Second*, the government argues that a second consultative exam was only required where evidence submitted after the first evaluation indicated a change in the plaintiff's condition, and that the evidence did not indicate such a change (*Id.* at 3-4). *Third*, the government notes that Mr. Clayborne did not request a second consultative evaluation after amending the onset date (*Id.*). *Fourth*, the government points out that according to SSR 96-6p, the ALJ must obtain an updated medical opinion when evidence is received that, "in the opinion of the ALJ *may*" change a finding that the plaintiff's impairments are not equivalent to the impairments listed in the regulations (*Id.* at 5) (emphasis in original). We do not find these arguments persuasive.

*First*, the fact that the ALJ ordered an examination four months before the amended disability onset date is insufficient to show, in the circumstances here, that the ALJ was "substantially justified" in failing to order another after the alleged onset date. As this Court pointed out in remanding, the probative value of the examination predating the onset date is minimal at best (doc. # 28: Mem. Op. and Order at 9).

*Second*, and in a related vein, the government is simply incorrect in arguing that the evidence failed to show a change in plaintiff's condition after the consultative examination. As we explained in our merits opinion, the record contains substantial evidence that Mr. Clayborne's condition had changed in the time period after the consultative examination, including some half a dozen diagnoses that were not reported in the consultative examination (*Id*. at 11). In the face of subsequent evidence indicating a likelihood of numerous additional conditions suffered by Mr. Clayborne, the ALJ had a legal obligation to order a second consultative exam. *See* 20 C.F.R. § 404.1519a(b)(5) (a second consultative examination is "normally require[d]" where evidence submitted after the first evaluation indicates a change in the plaintiff's condition). The ALJ's failure to abide by this requirement is evidence that the ALJ's opinion was not substantially justified.

*Third*, contrary to the government's contention, plaintiff had no duty to request a second consultative examination. The government fails to confront the fact that the ALJ rejected the opinions of the state agency doctors based on the first consultative examination, by finding that Mr. Clayborne – contrary to the state agency physician's opinions – had severe impairments (doc. # 28: Mem. Op. and Order at 11). That rendered the first consultative examination, at a minimum, inconclusive, and the record on which to base a finding of disability incomplete. The ALJ has a "basic obligation . . . to develop a full and fair record," *Cannon v. Harris*, 651 F.2d 513, 519 (7th Cir.

5

1981), even when a claimant is represented by counsel. *Ray v. Bowen*, 843 F.2d 998, 1006 (7th Cir. 1988). In the circumstances of this case, the ALJ either was required to order a second consultative examination in order to make an informed decision, *Haley v. Massanari*, 258 F.3d 742 (8th Cir. 2001), or to provide an explanation of why a second exam was not necessary. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002) (an ALJ's opinion must build an "accurate and logical bridge from the evidence to [the] conclusion"). Here, the ALJ did neither.

*Fourth*, the government cannot establish substantial justification for the ALJ's opinion by relying on Social Security Ruling 96-6p, which states that the ALJ must obtain an undated medical opinion only when "additional medical evidence is received that *in the opinion of the ALJ* . . . may change the State agency . . . finding that the impairment is not equivalent in severity" to that of a listed impairment. SSR 96-6p (emphasis added). In this case, the ALJ was clearly of the opinion that the subsequent evidence may have changed the findings concerning the severity of Mr. Clayborne's impairment. This is evident from the very fact that the ALJ rejected the findings in the first consultative exam, and held that Mr. Clayborne's plantar fasciitis and diabetes mellitus were severe impairments (doc. # 28: Mem. Op. and Order at 4; *see also* Pl.'s Reply at 5-6). Under any reasonable reading of Social Security Rule 96-6p, a second consultative exam was required here.

Thus, the government has failed to meet its burden of proving that its position was substantially justified. *Golembiewski*, 382 F.3d at 724. We find that the Commissioner's affirmation of the ALJ's denial of Mr. Clayborne's disability insurance claim was not substantially justified.

## IV.

In determining the amount of attorneys' fees to award, the Court begins with the statutory rate (from March 1996) of $125.00 per hour and adds a justifiable cost of living adjustment to increase that hourly rate in accordance with 28 U.S.C. § 2412(d)(2)(A). The CPI in March of 1996 was 155.7; the same measure in March 2007, the month in which the bulk of the legal work was performed, was 205.352 (Pl.'s Mem. at Ex. C). Taking the March 2007 CPI and dividing by the March 1996 CPI equates to the percentage increase in the CPI over time; multiplying that figure by the base $125.00 EAJA rate yields a cost of living adjustment rate of $164.86.[1] Mr. Clayborne's counsel submits that 58.4 hours of attorney time were spent on the case, plus 2.5 additional hours preparing the EAJA reply brief, for a total of 60.9 hours (Pl.'s Mem. at 4; Pl.'s Reply at 6). At a rate of $164.86 per hour, that amounts to $10,039.97. Additionally, counsel for Mr. Clayborne submits that 2.4 hours of legal assistant time were spent on the case (Pl.'s Mem. at 4). For purposes of determining fees and costs, legal assistant time is billed at the rate of $85.00 per hour. *See Bailey v. Barnhart*, 473 F. Supp.2d 842, 852 (N.D. Ill. 2006). Thus, the amount awarded for legal assistant time is $204.00. Adding this to the amount awarded for attorney time yields the total award, $10,243.97.

This method of calculation and this total amount accord with the fee petition. The Commissioner does not dispute the reasonableness of the time spent, the hourly rates for attorney and legal assistant time, or the total fees requested. This Court similarly finds the time spent to be reasonable and finds no flaw in the approach to this calculation.

---

[1]This rate is $0.01 higher than the rate suggested in plaintiff's memorandum. We have double-checked our math and believe the difference results from a rounding error on the plaintiff's part. The net difference in the final calculation of damages based on this discrepancy is less than $1.00.

Mr. Clayborne has requested that the fees awarded be made payable directly to his attorney, Mr. Barry A. Schultz. In our experience, this manner of payment is customary where, as here, plaintiff's agreement with his counsel "directs that any attorney fees be paid directly" to counsel (Def.'s Resp. at 6). However, the Commissioner asks that payment be made directly to plaintiff's counsel "as assignee of Plaintiff" (*Id.*). The Commissioner does not explain why he makes this request – although plaintiff's counsel suggests that this is so the government can deduct from the fee payment any debts that plaintiff may owe the government for items such as student loans or child support (Pl.'s Reply at 7 n.1). The Commissioner makes his request in one sentence without development, argument or authority. The Commissioner has offered us no good reason to depart from our usual practice at this time, and we therefore will order the fees to be paid directly to counsel.

## CONCLUSION

For the foregoing reasons, the Court grants the petition for an award of attorneys' fees (doc. # 31). Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, defendant shall issue a check payable to plaintiff's counsel, Barry A Schultz, in the amount of $10,243,97.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: March 26, 2008

8